UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC. et al., <br><br> Plaintiff, <br><br> v. <br><br> INDIVIDUALS and ENTITIES, et al., <br><br> Defendant. | CASE NO. 2:22-cv-00758-RAJ <br><br> **REPORT AND RECOMMENDATION** |

Plaintiffs filed a complaint and motion to temporarily seal the complaint. Dkt. 1 and 2. The Court recommends the motion be GRANTED for the following reasons.

The standard regarding a motion to seal turns on whether the request is made in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Several courts deem motions to seal the complaint and supporting materials "dispositive" for purposes of a sealing request. *See, e.g., Victory Sports & Entertainment v. Pedraza*, 2019 WL 2578767, at *1 (D. Nev. June 24, 2019); *Birch v. Delporto*, 2019 WL 2298699, at *2 (D. Nev. May 30, 2019); *Billman Prop., LLC v. Bank of America, N.A.*, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) (collecting cases). Thus, although this case was originally assigned to a

REPORT AND RECOMMENDATION - 1

1  Magistrate Judge, it has been reassigned to a District Judge given the procedural posture of the
2  case, and "dispositive" nature of the pending motion.
3       Parties "who seek to maintain the secrecy of documents attached to dispositive motions
4  must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*
5  *v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "'Compelling reasons'
6  sufficient to outweigh the public's interest in disclosure and justify sealing court records exist
7  when such 'court files might have become a vehicle for improper purposes,' such as the use of
8  records to gratify private spite, promote public scandal, circulate libelous statements, or release
9  trade secrets.' " *Id*. at 1179 (citation omitted). District courts generally apply the "compelling
10 reasons" standard to complaints because the pleading initiates the civil action. *See, e.g., Williams*
11 *& Cochran, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, 2017 WL 3600417 at *2
12 (S.D. Cal. Aug. 17, 2017). Accordingly, and especially considering the public's interest in being
13 able to access civil actions filed in the courts, the Court should apply the "compelling reasons"
14 standard to Plaintiff's motion to seal.
15      However, the fact disclosure may lead to a "litigant's embarrassment, incrimination, or
16 exposure to further litigation will not, without more, compel the court to seal its records." *Id*.
17 (citation omitted). Additionally, a party does not meet its burden to show compelling reasons by
18 making conclusory assertions; rather the movant must "articulate compelling reasons supported
19 by specific factual findings." *Id.* at 1178. And finally, even if compelling reasons are identified, a
20 sealing order must be narrowly tailored. *Id.* at 1182.
21      Plaintiffs in this case aver the complaint should be sealed because the alleged Defendants
22 are unknown actors that are advertising and selling counterfeit products on the Amazon store
23 damaging both the actual maker and holder of a trade-marked product and Amazon. Plaintiffs

REPORT AND RECOMMENDATION - 2

allege that China appears to be the country from which the counterfeit products are being manufactured and that public disclosure of the complaint would allow Defendants to destroy evidence regarding the fabrication and sales of the counterfeit products and proceeds gained. Additionally, Plaintiff's aver there is an on-going parallel criminal investigation of Defendants actions and that public disclosure would damage and jeopardize that investigation.

The Court finds Plaintiffs have met their burden to seal the complaint because public disclosure would allow Defendants to destroy evidence of alleged misconduct and undermine an on-going criminal investigation. The Court accordingly recommends:

(1)   Plaintiff's complaint and motion to temporarily seal so the pleadings do not appear on the public docket, (Dkts. 1 and 2) be GRANTED.

(2)   All future pleadings that Plaintiff files in this case shall has be temporarily sealed and not appear on the public docket.

(3)   Plaintiffs shall file a status report in **six months** advising the Court of the status of the on-going criminal investigation and whether grounds for continued sealing exist.

(4)   Because this report grants Plaintiff's motion to seal, the assigned district judge may immediately rule on whether the recommendation herein shall be adopted.

DATED this 3rd day of June, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3