UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC. et al,<br><br>Plaintiff(s),<br>v.<br><br>INDIVIDUALS AND ENTITIES et al,<br><br>Defendant(s). | CASE NO. 2:22-cv-00757-TL-BAT<br><br>(SEALED)<br><br>ORDER TO CONSOLIDATE |

This matter is before the Court on Plaintiffs' *ex parte* motion to consolidate this action with a related action (the "Motion to Consolidate"). Dkt. No. 11. Having considered the relevant record, the Court GRANTS the Motion to Consolidate for the reasons below.

## I.    BACKGROUND

Plaintiffs in this action ("*Amazon v. Does I*") are Amazon.com, Inc. and Amazon.com Services, LLC (together, "Amazon"), which operate a popular online sales platform (Amazon.com), and Spectrum Brands Pet LLC, a manufacturer and seller of certain pet grooming products named the "FURminator." Dkt. No. 1 at 1–2. Plaintiffs sue Defendants, who

are identified in Schedules 1A and 1B attached to the Complaint, for the sale of counterfeit FURminator products on Amazon.com. *Id.* at 3–4. Plaintiffs assert claims under the Lanham Act and the Washington Consumer Protection Act against all Defendants, as well as a breach of contract claim against Defendants listed in Schedule 1A to the Complaint. *Id.* at 12–17.

Plaintiffs have also brought another case, *Amazon.com, Inc. v. Individuals & Entities*, No. 2:22-cv-00758-TL-BAT (W.D. Wash.) ("*Amazon v. Does II*"), against a different set of Defendants, who are listed in Schedule 2 of the *Amazon v. Does II* complaint, but also based on the alleged sale of counterfeit FURminator products on Amazon.com. Dkt. No. 1 at 4, *Amazon v. Does II*. Both cases are temporarily sealed pending the continuing investigation into Defendants in both actions. Dkt. No. 9, *Amazon v. Does I*; Dkt. No. 8, *Amazon v. Does II*.

Plaintiffs filed a Notice of Related Cases in both *Amazon v. Does I* and *Amazon v. Does II* (together, the "Related Actions"), stating that the two actions assert nearly identical causes of action arising from the sale of Defendants' sale of inauthentic FURminator products and so the interests of judicial economy and consistency in results would be served by ensuring that the Related Actions were before the same judge in this District. Dkt. No. 8, *Amazon v. Does I*; Dkt. No. 9, *Amazon v. Does II*. The Related Actions were then re-assigned to the Honorable Tana Lin, United States District Judge, and certain non-dispositive matters in the Related Actions referred to the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 10, *Amazon v. Does I*; Dkt. No. 11, *Amazon v. Does II*).

Plaintiffs now bring this *ex parte* Motion to Consolidate. Dkt. No. 11. Separately, Plaintiffs filed a First Amended Complaint (Dkt. No. 12), which the Court construes as Plaintiffs' use of their one-time amendment as of right, pursuant to Federal Rule of Civil Procedure 15(a)(1).

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Courts have broad discretion to consolidate cases pending in the same district. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). In deciding whether to exercise this discretion, courts generally look to such factors as "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to [any opposing party]." *Amazon.com, Inc. v. AutoSpeedstore*, No. C22-1183, 2022 WL 11212033, at *1 (W.D. Wash. Oct. 19, 2022) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (3d ed., Apr. 2022 Update)).

Plaintiffs do not point to any specific common question of law or fact shared by the Related Actions. Indeed, because the specific Defendants and counterfeit products in the two actions differ, it is not immediately clear that consolidation would obviate the need for fact-specific, individualized determinations for each Defendant and product. Nonetheless, it appears clear that common questions or law or fact exist, given that the counterfeit products were all sold on the same online sales platform and are allegedly infringements of the same trademarks owned by Spectrum Brands Pet (*compare* Dkt. No. 1 at 2–3, *Amazon v. Does I* with Dkt. No. 1 at 2–3, *Amazon v. Does II*), as well as the nearly identical causes of action asserted against similarly situated Defendants in the Related Actions.[1] *See, e.g.*, *Friedmann v. Wash.*, Nos. C0-5761, C10-5135, 2010 WL 1333433, at *2 (W.D. Wash. Mar. 31, 2010) (holding consolidation is

---

[1] The primary difference in the causes of action seems to be that Amazon asserts a breach of contract claim against a subset of Defendants in Case No. 22-757, while Plaintiffs do not assert the claim against any Defendant in Case No. 22-758. *See* Dkt. No. 1 at 16–17, Case No. C22-757.

ORDER TO CONSOLIDATE - 3

appropriate where 31 out of 34 causes of action were identical and the facts were largely similar in each case).

Based on the record currently before it, the Court further finds that the interests of judicial economy would be served by consolidation, with minimal risk of delay or prejudice. As Plaintiffs point out, consolidation will avoid the need to adjudicate duplicative motions separately in each case, eliminate the risk of inconsistent results, and avoid duplicative use of the same witnesses, evidence, and legal issues. *See* Dkt. No. 11 at 3–4. Indeed, courts of this District have permitted consolidation of cases involving similar infringement claims for the sale of counterfeit products on Amazon.com. *See, e.g., AutoSpeedstore*, 2022 WL 11212033, at *1 (granting *ex parte* motion to consolidate three actions involving counterfeit products sold on Amazon.com). While Defendants of the Related Actions (which are currently sealed) have not had an opportunity to object, the Court cannot identify any prejudice or delay that Defendants might suffer from consolidation. The Court will permit Defendants to challenge the consolidation of the Related Actions once they are served, provided that any such challenge be filed within thirty days of service. With that caveat, the Court finds sufficient reason to grant Plaintiffs' Motion to Consolidate.

### III.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1)   Plaintiffs' Motion to Consolidate (Dkt. No. 11) is GRANTED.

(2)   *Amazon.com, Inc. v. Individuals & Entities*, No. 2:22-cv-00757-TL-BAT, and *Amazon.com, Inc. v. Individuals & Entities*, No. 2:22-cv-00758-TL-BAT, are CONSOLIDATED for all purposes, including trial.

(3)   Plaintiffs are DIRECTED to file a consolidated amended complaint within **fourteen (14) days** of this Order.

(4) Going forward, all documents filed in the two consolidated actions SHALL be filed under Case No. 2:22-cv-00757-TL-BAT, the number assigned to the first-filed case.

Dated this 3rd day of November 2022.

Tana Lin
United States District Judge